## Strait, Andrew R

**From:** ERO Taskings
**Sent:** Tuesday, March 06, 2012 12:15 PM
**Subject:** Reminder on Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal or CAT

*The following message is being sent on behalf of Gary Mead, Executive Associate Director, Enforcement and Removal Operations:*

**To: Assistant Directors, Field Office Directors, Deputy Field Office Directors, and Assistant Field Office Directors**

**Subject: Reminder on Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal or CAT**

This Field Guidance is sent as a reminder that the April 21, 2000 Immigration and Naturalization Service Memorandum by General Counsel Bo Cooper (*Detention and Release during the Removal Period of Aliens Granted Withholding or Deferral of Removal*) and the February 9, 2004 ICE Memorandum by Assistant Secretary Michael Garcia (*Detention Policy Where an Immigration Judge Has Granted Asylum and ICE Has Appealed*) are still in effect and should be followed.

The memorandum provides guidance that "[i]n general, it is ICE policy to favor release of aliens who have been granted protection relief by an immigration judge, absent exceptional concerns such as national security issues or danger to the community and absent any requirement under law to detain." Protection relief includes asylum, withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, and withholding or deferral of removal under the regulations implementing U.S. obligations under Article 3 of the U.N. Convention Against Torture and Cruel, Inhuman or Degrading Treatment or Punishment, *see* 8 C.F.R. § 1208.16(d) – 1208.18. This policy applies at all times following a grant of protection, including during any appellate proceedings and throughout the removal period.

Per the April 21, 2000 and February 9, 2004 Memoranda, the Field Office Director must approve any decision to keep an alien who received a grant of any of the aforementioned protections in custody. This includes situations where the Office of the Chief Counsel (OCC) is appealing the grant of relief. Additionally, any decision to continue to hold an alien should be done in consultation with the local OCC.

Any questions should be directed to your local OCC.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.

3/6/2012